WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Verble,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>John S. Leonardo,<br><br>　　　　　　Defendant. | No. CV-14-0072-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff Michael Verble has filed a complaint against United States Attorney John S. Leonardo. Doc. 1. He has also filed a motion to proceed in forma pauperis ("IFP"). Doc. 2. The Court will deny his application for IFP status, screen his complaint, and dismiss the complaint for failure to state a claim.

**I.    Motion for IFP Status.**

　　　　Plaintiff attaches an affidavit in support of his motion on a court-approved form which suggests that he receives disability payments of $11,472 each month, and yet also shows a total monthly income to be $956. If Defendant receives disability payments of $11,472 per month, Plaintiff is able to pay the Court's filing fee. The motion for IFP status will therefore be denied.

**II.   Legal Standard.**

　　　　In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000)

(en banc). "Section 1915(e)(2)(B)(ii) ... allows a district court to dismiss[ ] sua sponte ... a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully"). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir.1997).

**III.   Plaintiff's Complaint.**

Plaintiff's complaint contains a rambling and largely incoherent narrative that appears to allege various wrongs committed by a variety of entities upon Plaintiff, including allegations of hostage taking, terrorism, genocide, organ harvesting, theft, and denial of the right to purchase a firearm, among other allegations. The complaint contains virtually no facts in support of these claims. Attached to the complaint are

documents which appear to include Social Security income reports, travel documents, and Plaintiff's last will and testament. It is not clear how these documents relate to Plaintiff's complaint.

The complaint is difficult to understand, contains virtually no facts, and fails to state a plausible claim for relief. The Court will therefore dismiss it for failure to state a claim. The Court also notes that the complaint fails to state the legal nature of Plaintiff's claim, the basis for this Court's jurisdiction, the specific defendants being sued, or the actions of those defendant that give rise to liability.

### IV.   Leave to Amend and Plaintiff's Obligations.

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **February 21, 2014** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed.R.Civ.P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. If Plaintiff chooses to file an amended

complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's request for IFP status (Doc. 2) is **denied**.
2. Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.
3. Plaintiff shall have until **February 21, 2014** to file an amended complaint.
4. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by February 21, 2014.

Dated this 4th day of February, 2014.

_____
David G. Campbell
United States District Judge